IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

BILLY BARTMAN; MASSA SPUD;
WASSILLIE CHOCKNOK; MARILYN
ETUCKMELRA; ALVIN EVON; IRENE
GAMECHUK-OLES; NELLIE
GAMECHUK; CHRISTIAN GLOKO;
VERA GLOKO; ALBERT ITUMULRIA;
LESTER MOORE; MARVIN NICKETA;
VINCENT NICKETA; STEVEN PAUL;
WASSILLISIA PAUL; RAYMOND
SHANGIN; PETER NANALOOK;
TIMOTHY JENKINS; PETE OLSON;
MIRIAM OLSON; NORMAN GLOKO,
SR., Individually and on Behalf of
NORMAN GLOKO, JR., a Minor Child, ,

      Plaintiffs,

  v.

CHARLES BURRECE; JOHN DOES 1-5;
TRIDENT SEAFOODS CORPORATION;
MAGONE MARINE SERVICES, INC.;
DANIEL MAGONE; RESOLVE
MARINE GROUP, INC.; and ALASKA
CHADUX CORPORATION,

      Defendants.

Case No. 3:14-cv-0080-RRB

**<u>ORDER GRANTING
PLAINTIFFS' MOTION
TO REMAND</u>**

## I.    __INTRODUCTION__

Before the Court is Plaintiffs' Motion for Remand to State Court pursuant to 28 U.S.C. § 1447(c) at **Docket 21.** Plaintiff originally filed this suit in the Superior Court for the State of Alaska, Third Judicial District at Dillingham, alleging claims for loss of past and future commercial fishing income, subsistence foods, subsistence and cultural activities, and damage to real and personal property under Alaskan law.[1] Defendant Trident Seafoods Corporation removed the action to this Court, citing 28 U.S.C. § 1333 and, alternatively, 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction. Also before the Court is Defendant Alaska Chadux's Motion to Dismiss at Docket 10 and Plaintiffs' Motion for Leave to Conduct Discovery as to Jurisdictional Facts at Docket 34.

The Court concludes that because the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, oral argument is neither necessary nor warranted with regard to the instant matter.[2]  After consideration of the submissions of the parties and the relevant law, the Court **GRANTS** Plaintiffs' Motion for Remand to State Court.

---

[1] Docket 1-1 at 5-6.

[2] *See Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily, oral argument would not be required).

II.    **BACKGROUND**

Plaintiffs allege that they operate commercial salmon set nets at the Igushik River or engage in subsistence fishing in the Bristol Bay salmon fishery. Plaintiffs allege that Defendant Charles Burrece, a resident of the State of Alaska, owned and operated the F/V Lone Star as a tender vessel for Defendant Trident Seafoods Corporation ("Trident"), a Washington corporation.[3] Plaintiffs further alleged that on or about June 30, 2013, F/V Lone Star capsized and sank in Bristol Bay, Alaska, due to actions by Defendant Burrece and five other currently unidentified defendants.[4]

According to Plaintiffs' pleadings, F/V Lone Star had 13,750 gallons of diesel fuel, 300 gallons of other petroleum products, and about 35,000 pounds of salmon in its hold and began to leak fuel after sinking.[5] Plaintiffs allege that Defendant Alaska Chadux, an Alaska corporation, was hired as the spill response contractor to address the fuel leaking and negligently placed absorbent booms around F/V Lone Star which led to contamination and closure of the salmon fishery.[6]

Plaintiffs also allege that Defendant Magone Marine Services, Inc. ("MMS"), an Alaska corporation, and Defendant Resolve Marine Group, Inc. ("RMG"), a Florida corporation, were

---

[3] Docket 1-1 at 2.

[4] *Id.* at 3.

[5] *Id*.

[6] *Id*.

hired to remove the fuel from the sunken F/V Lone Star and raise it from the seabed.[7] During the course of the salvage operation, Plaintiffs allege that MMS and RMG caused or allowed a substantial amount of salmon and other waste to be spilled from F/V Lone Star's hold into the ocean and nearby Igushik River.[8] Plaintiffs allege that the discharge of salmon waste attracted bears and led to destruction of Plaintiffs' nearby set nets and cabins.

After Plaintiffs originally filed suit in Alaska state court, Defendant Trident removed the action to this Court.[9] Trident alleges that Burrece is, in fact, a Washington resident, the joinder of Alaska Chadux is fraudulent because of protections afforded while acting under the direction of the US Coast Guard ("USCG") and the Alaska Department of Environmental Conservation ("ADEC"), and that MMS was fraudulently joined as a defendant because Plaintiffs cannot establish a claim against MMS. Plaintiffs now move to remand.

## III.  GOVERNING STATUTES

### A.  Removal to and Remand from Federal Court

Removal of a suit from state court to the federal court is based on the specific language of 28 U.S.C. § 1441. The general removal statute provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

---

[7] *Id*.

[8] *Id*. at 4.

[9] *See* Docket 1 generally.

defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[10] Under 28 U.S.C. § 1447(c), after a case is removed from state court, if at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded.

### B.      Original Jurisdiction in Admiralty or Maritime Matters

The Court has original jurisdiction in matters arising from admiralty or that are maritime in nature.  Specifically, the statutory grant of admiralty jurisdiction provides that "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."[11] The later clause is often referred to as the "savings to suitors" clause.

### C.      Original Jurisdiction Based on Diversity

The Court also has original jurisdiction where there is diversity of citizenship and the amount in controversy exceeds $75,000.[12] Where the basis of jurisdiction is diversity of citizenship, that diversity must be complete where each of the plaintiffs must be a citizen of a different state than each of the defendants.[13] However, an exception to the requirement of

---

[10] 28 U.S.C. § 1441(a) (2012).

[11] 28 U.S.C. § 1333 (2012).

[12] 28 U.S.C. § 1332(a)(1).

[13] *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996).

complete diversity is where a non-diverse defendant has been "fraudulently joined."[14] The joinder of a non-diverse defendant is considered fraudulent and "defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"[15] Further, the defendant "is entitled to present the facts showing the joinder to be fraudulent."**[16]**

## IV.    <u>DISCUSSION</u>

When removal is made to the Court, "the burden on removal rests with the removing defendant."[17] Additionally, the Court will "strictly construe the removal statute against removal jurisdiction" and "resolves all ambiguity in favor of remand to state court."[18] Trident has asserted two bases supporting removal to this Court. First, Trident asserts that because Plaintiffs' claims are all maritime in nature, this Court has admiralty jurisdiction.[19] In the alternative, Trident

---

[14] *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001)

[15] *Id.*

[16] *Id.*

[17] *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

[18] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); Hunter v. Philip Morris USA, 582 F.3d 1039, 1045 (9th Cir. 2009).

[19] Docket. 1 at 3-4.

asserts that there is diversity of citizenship between all properly joined parties.[20]  This Court will address both bases for jurisdiction and removal.

### A.      Admiralty Jurisdiction as Sole Basis for Removal

Notwithstanding recent amendments to the statue governing removal, the reservation of remedies at common law preserved in the statute granting the Court's original jurisdiction support remand of this matter back to state court.

### 1.      Amendments to 28 U.S.C. § 1441

Maritime claims are not removable absent an independent ground of federal subject matter jurisdiction, such as diversity jurisdiction.[21] However, Trident argues that the 2011 amendments to 28 U.S.C. § 1441 now allow for the removal of all maritime claims without regard to any other basis for jurisdiction.[22] In particular, the amendments removed the language stating that "[a]ny other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[23] Thus Trident argues that this removed language was the basis for barring the removal of general maritime claims in the absence of diversity jurisdiction.[24] In support of this assertion,

---

[20] *Id*.

[21] *See, e.g., Morris* 236 F.3d at 1069; *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991).

[22] Docket 24 at 5-6.

[23] 28 U.S.C. § 1441(b) (2006).

[24] Docket 24 at 6.

Trident relies on several recent decisions from district courts in the Fifth Circuit, which have held that the removal of language requiring diversity in "other such actions" in effect allows all maritime claims to be freely removable to federal court based on admiralty or maritime jurisdiction alone.[25]

Plaintiffs argue that the amendments to 28 U.S.C. § 1441 do not change the established rule that admiralty and maritime claims require an independent ground for federal subject matter jurisdiction to support removal. Plaintiffs rely on the recent opinion in *Coronel v. AK Victory*, from the Western District of Washington, which delineated between maritime claims in admiralty and at law and that court ultimately adhered to the body of precedent within our Ninth Circuit finding admiralty jurisdiction alone is insufficient to support removal. C13-2304JLR, 2014 WL 820270 (W.D. Wash. Feb. 28, 2014)

This Court recognizes that the 2011 amendments to 28 U.S.C. § 1441 removed language which required diversity for removal of claims not based in federal law. However, while the amended § 1441 may have removed restrictive conditions, removal based on admiralty jurisdiction is still limited by the statutory grant of original jurisdiction in 28 U.S.C. § 1333.

---

[25] *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 777-79 (S.D. Tex. 2013); *Bridges v. Phillips 66 Co.*, No. 13-477-JJB-SCR, 2013 U.S. Dist. LEXIS 164542, at *12-15 (M.D. La. Sept. 27, 2013); *Wells v. Abe's Boat Rentals, Inc.*, No. H-13-1112, 2013 U.S. Dist. LEXIS 85534, at * 3-11 (S.D. Tex. June 18, 2013); *Genusa v. Asbestos Corp.*, No. 13-794-JJB-RLB, 2014 U.S. Dist. LEXIS 64447, at *43 (M.D. La. Apr. 22, 2014); *Garza v. Phillips 66 Co.*, No. 13-742-SDD-SCR, 2014 U.S. Dist. LEXIS 45511, at *12-16 (M.D. La. Mar. 10, 2014); *Carrigan v. M/V AMC Ambassador*, No. H-13-03208, 2014 U.S. Dist. LEXIS 12484, at *7-8 (S.D. Tex. Jan. 31, 2014); *Tilley v. Am. Tugs, Inc.*, No. 13-6104, 2014 U.S. Dist. LEXIS 55821, at *1 (E.D. La. Jan. 16, 2014).

"`The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court.'"[26] The Court finds the "saving to suitors" clause in the grant of original jurisdiction under 28 U.S.C. § 1333 to be dispositive in this matter.

## 2. Savings to Suitors Clause

The "savings to suitors" clause of 28 U.S.C. § 1333, "leave[s] state courts `competent' to adjudicate maritime causes of action in proceedings `in personam,' that is, where the defendant is a person, not a ship or some other instrument of navigation."[27] Additionally, the "saving to suitors" clause has been held by the Ninth Circuit to establish the right of a party to choose whether to proceed within the court's admiralty jurisdiction or general civil jurisdiction when both admiralty and non-admiralty federal jurisdiction exist.[28]

In other words, the clause affords a plaintiff with in personam maritime claims three options: 1) file suit in federal court under the federal court's admiralty jurisdiction, 2) file suit in federal court under diversity jurisdiction assuming diverse parties and sufficient amount in

---

[26] *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (*quoting* Ansley v. Ameriquest Mortgage Co., 340 F.3d 858, 861 (9th Cir. 2003)).

[27] *Madruga v. Superior Court of California*, 346 U.S. 556, 560-61, 74 S. Ct. 298, 301, 98 L.Ed. 290 (1954).

[28] *Wilmington Trust v. U.S. Dist. Court for Dist. of Hawaii*, 934 F.2d 1026, 1029 (9th Cir. 1991) (*citing Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines*, 369 U.S. 355, 359-60, 82 S. Ct. 780, 783-84, 7 L. Ed. 2d 798 (1962)).

controversy, or 3) file suit in state court.[29] While the difference between these choices is mostly procedural, it is particularly significant that there is no right to jury trial where admiralty jurisdiction is invoked, yet it is preserved for claims based in diversity or brought in state court.[30] Although a claim under admiralty or maritime jurisdiction and federal subject matter jurisdiction must affirmatively eliminate the right to a jury trial in pleadings, it is automatically eliminated for claims cognizable only in admiralty or maritime jurisdiction.[31] Removal to this Court based on admiralty or maritime jurisdiction alone would effectively deny Plaintiffs not only of their choice of forum, but also their right to a jury trial which Plaintiffs had exercised at the time removal was sought.[32]

The Supreme Court has specifically noted the importance of narrowly reviewing admiralty jurisdiction to preserve saving to suitors actions in state court and prevent undermining the plaintiff's choice of forum.[33] Attempts to "limit and enumerate the saved remedies under the saving to suitors clause must fail in view of the consistent recognition by Congress and this Court that both state and federal courts may be proper forums for adjudicating [maritime claims]."[34] As

---

[29] *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054-55 (9th Cir. 1997).

[30] *Id.*; *see also Wilmington Trust* 934 F.2d at 1029.

[31] Fed. R. Civ. P. 9(h); Fed. R. Civ. P. 38(e).

[32] Docket 1 at 10.

[33] *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455, 121 S. Ct. 993, 1004-05, 148 L. Ed. 2d 931 (2001).

[34] *Id.*

the Court further notes, "[t]rial by jury is an obvious, but not exclusive, example of the remedies available to suitors."[35]

As a trial by jury is an "obvious" form of remedy available to suitors at common law and would be unavailable to Plaintiffs before this Court if based solely on admiralty or maritime jurisdiction, removal to this Court would not "save" this remedy to which Plaintiffs would otherwise be entitled. Therefore, based on the current body of precedent before this Court and the statutory preservation of Plaintiffs' entitled remedies, this Court declines to allow removal based on admiralty or maritime jurisdiction alone.

**B.      No Complete Diversity Between Parties**

In the alternative, Trident argues that regardless of jurisdiction based solely on admiralty, removal to this Court is proper based on diversity of the parties. Trident has asserted that there is complete diversity due to fraudulent joinder of Burrece, Alaska Chadux, and MMS. Specifically, Trident argues that Burrece is, in fact, a Washington resident and that Alaska Chadux has immunity from suit in their capacity as an oil spill responder for the state and federal government.[36] Trident also asserts that the joinder of MMS is fraudulent because Plaintiffs cannot maintain their claims against MMS.[37]

---

[35] *Id*. at 454-455 (*citing Lake Tankers Corp. v. Henn*, 354 U.S. 147, 77 S. Ct. 1269, 1 L. Ed. 2d 1246; *Red Cross Line v. Atlantic Fruit Co.*, 264 U.S. 109, 123, 44 S. Ct. 274, 68 L.Ed. 582 (1924)) .

[36] Docket 1 at 3; Docket 24 at 19.

[37] Docket 24 at 21.

The diversity jurisdiction statute "require[s] courts in certain contexts to look behind the pleadings to ensure that parties are not improperly creating or destroying diversity jurisdiction."[38] This includes holding that "a plaintiff may not keep a case out of federal court by fraudulently naming a nondiverse defendant.[39]

### 1.      Burrece is a Diverse Party from Plaintiffs

Trident has put forth that Defendant Burrece is not a resident of Alaska, but is in fact a resident of the state of Washington.[40] Plaintiffs have not contradicted this assertion nor raised issue with Defendant Burrece's state of residence before the Court.  Therefore, the Court finds it undisputed that Burrece is a resident of Washington and a diverse party in this suit for purposes of jurisdiction.

### 2.      Joinder of Alaska Chadux is not Fraudulent

Trident argues that joinder of Alaska Chadux is fraudulent because of immunity from liability.  Trident therefore seeks to rely on Alaska Chadux's immunity defense in order to exclude consideration of Alaska Chadux for purposes of diversity jurisdiction for this Court.

It remains "settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the

---

[38] *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 745, 187 L. Ed. 2d 654 (2014).

[39] *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 185-186, 27 S. Ct. 184, 51 L.Ed. 430 (1907).

[40] Docket 1-2, Declaration of Kenneth G. Hannam.

plaintiff's complaint. . . ."[41] In *Hunter v. Philip Morris USA*, the Ninth Circuit held that a

defendant's preemption argument "should have been brought in the context of attacking the

merits of Hunter's case, rather than as a basis for removing the case to federal court."[42] The court

explained the sort of defense that may be allowed to establish fraudulent joinder in support of

removal on diversity grounds. The court reaffirmed that a statute of limitations defense is such a

permissible defense because it is a "'rather unique defense" and "does not truly go to the merits of

the plaintiff's claim in any sense."[43] However, where the defense requires an inquiry into the

merits of plaintiffs' claim and an analysis of federal law, "the defendant has failed to overcome

the strong presumption against removal jurisdiction."[44]

    While Alaska Chadux may very well be immune from liability in this suit, that defense

requires the analysis of the applicable statutes granting immunity and merits of Plaintiffs' claims

against Alaska Chadux for their actions in responding to the oil spill. The most significant of

which is Plaintiffs' claim that Alaska Chadux was grossly negligent in failing to secure and

---

[41] *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983); *see also Vaden v. Discover Bank*, 556 U.S. 49, 50, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009) ( "Federal jurisdiction cannot be predicated on an actual or anticipated defense."); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ( "A federal law defense to a state law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998) ("Even when the area involved is one where complete preemption is the norm, if the complaint relies on claims outside of the preempted area and does not present a federal claim on its face, the defendant must raise its preemption defense in state court.").

[42] 582 F.3d 1039, 1045 (9th Cir. 2009).

[43] *Id.* (*quoting Ritchey* 139 F.3d at 1319).

[44] *Id.* (internal citation omitted).

anchor the absorbent booms around F/V Lone Star, which drifted away and allowed for an increased damage to the area.[45] As both parties recognize, gross negligence would negate the basis for immunity from suit for Alaska Chadux.[46] Moreover, immunity under the Clean Water Act is predicated on actions be taken "consistent with the National Contingency Plan or as otherwise directed by the President."[47] This Court finds that there is a sufficient question of fact regarding Alaska Chadux's actions in their spill response efforts that the an inquiry into the merits of the claim is necessary. Therefore, the immunity defense is insufficient to demonstrate fraudulent joinder and removal based on diversity.

### 3.    Joinder of MMS is not Fraudulent

Even if the joinder of Alaska Chadux was found fraudulent, there is not complete diversity between the parties because joinder of MMS is not fraudulent. Trident argues that the attraction of bears to Plaintiffs' cabins and nets was not a foreseeable result of pumping the fish slurry into the river and thus MMS did not owe any duty to Plaintiffs.[48] Even if it were foreseeable, Trident argues that Plaintiffs cannot establish that the actions of MMS proximately caused the damage to Plaintiffs.[49]

---

[45] Docket 1-1 at 7.

[46] *See* 33 U.S.C. 1321(c)(4)(B)(iv).

[47] 33 U.S.C. 1321(c)(4)(A).

[48] Docket 24 at 24.

[49] Docket 24 at 25-26.

Alaskan precedent does suggest that the negligent attraction of bears can be a valid cause of action.[50] Trident has not contradicted Plaintiffs' assertions that MMS pumped 35,000 pounds of salmon slurry into the water upstream from Plaintiffs' cabins and that bears were subsequently gathered downstream in the direction the discharge flowed.[51]  The Court is fully aware of the prevalence of bears in the Alaskan wilderness, particularly at rivers during the summer months, regardless of human activity in the area.  However, this Court also is aware of the pungent odor from even macerated spoiled fish and the allure the smell of fish has for bears. The quality or consistency of the fish slurry that was put into the water by MMS and the extent to which it may have attracted bears is a factual inquiry beyond the scope of this Court's inquiry into proper joinder of the party.  Drawing upon this Court's "experience and common sense," Plaintiffs' complaint does state a plausible, if tenuous, claim against MMS.[52] Therefore, the joinder of MMS is similarly found to be not fraudulent and there remains to be an absence of diversity between parties to support removal.

## V.    CONCLUSION

Plaintiffs are entitled to remand under 28 U.S.C. § 1447(c).   Accordingly, Plaintiffs' Motion To Remand at **Docket 21** is **GRANTED**.  Oral argument scheduled for August 21, 2014, is hereby **VACATED** as moot.  Additionally, because the Court does not possess jurisdiction

---

[50] *Carlson v. State*, 598 P.2d 969 (Alaska 1979).

[51] Docket 33 at 11.

[52] *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009).

over the current suit, Alaska Chadux's Motion to Dismiss at **Docket 10** and Plaintiffs' Motion

for Leave to Conduct Discovery as to Jurisdictional Facts at **Docket 34** are **DENIED** as moot.

     **IT IS SO ORDERED** this 18th day of August, 2014.

                         S/RALPH R. BEISTLINE
                         UNITED STATES DISTRICT JUDGE